Jason O. Sias (SBN # 279196)
Jsias@siaslawinc.com
**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone: (888) 958-5071
Facsimile: (888) 958-5072

Counsel for Plaintiffs
THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV., BERNADETTE VALLEZ, individually, and as guardian ad litem for X.S.A., B.T. and I.P.T.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV, by and through its administrator of the estate; BERNADETTE VALLEZ, individually; X.S.A., a minor, by and through her Guardian Ad Litem, BERNADETTE VALLEZ; B.T., a minor, by and through his Guardian Ad Litem, BERNADETTE VALLEZ; and I.P.T., a minor, by and through her Guardian Ad Litem, BERNADETTE VALLEZ,<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>CITY OF SAN JOSE, and DOES 1-10 inclusive,<br><br>　　　　　Defendants. | Case No.: #_____<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment – Detention and Arrest (42 U.S.C. §1983)<br>2. Fourth Amendment – Excessive Force (42 U.S.C. §1983)<br>3. Fourth Amendment – Denial of Medical Care (42 U.S.C. §1983)<br>4. Substantive Due Process – Deprivation of Life Without Due Process (42 U.S.C. §1983)<br>5. First and Fourteenth Amendments – Interference with Familial Relationship (42 U.S.C. §1983)<br>6. Municipal Liability – Failure to Train (42 U.S.C. 1983)<br>7. Municipal Liability – Ratification (42 U.S.C. §1983)<br>8. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)<br><br>**DEMAND FOR JURY TRIAL** |

-1-
PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY DEMAND

**COMPLAINT FOR DAMAGES**

1. Plaintiffs, THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV., by and through its administrator of the estate, BERNADETTE VALLEZ, individually, and as guardian ad litem for X.S.A., B.T. and I.P.T (hereinafter, collectively as "Plaintiffs"), complain of Defendants CITY OF SAN JOSE and DOES 1 through 10, inclusive, and allege as follows:

**INTRODUCTION**

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the fatal officer involved killing of Plaintiffs son and brother, Fernando Arturo Alvarez, IV (hereinafter as "DECEDENT") on August 22, 2019, in the City of San Jose, County of Santa Clara, California.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

5. At all relevant times, THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV (hereinafter as "DECEDENT") was an individual residing in the City of Modesto, County of Stanislaus, California.

6. Plaintiff BERNADETTE VALLEZ ("BERNADETTE") is an individual residing in the city of Modesto, county of Stanislas, California, and is the biological mother of DECEDENT. BERNADETTE sues collectively in her individual capacity as the mother of DECEDENT, in a representative capacity and as guardian ad litem to Plaintiffs X.S.A., B.T. and I.P.T..

7. At all times relevant herein, Plaintiff X.S.A. was a minor residing in the county of Stanislas, California and is the biological younger sister of DECEDENT. X.S.A. sues in her individual capacity and by and through her guardian ad litem, BERNADETTE.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

8. At all times relevant herein, Plaintiff B.T. was a minor residing in the county of Stanislas, California and is the biological younger brother of DECEDENT. B.T. sues in his individual capacity and by and through his guardian ad litem, BERNADETTE.

9. At all times relevant herein, Plaintiff I.P.T. was a minor residing in the county of Stanislas, California and is the biological younger brother of DECEDENT. I.P.T. sues in his individual capacity and by and through his guardian ad litem, BERNADETTE.

10. At all times relevant, Defendant CITY OF SAN JOSE (hereinafter as the "CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Jose Police Department (hereinafter as "SJPD") and its agents and employees. At all times relevant, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the SJPD and its employees and agents complied with laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants 1-10.

11. Defendants DOES 1-5 (hereinafter as "DOE OFFICERS") are law enforcement officers for the SJPD. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the SJPD at all relevant times. Also at all relevant times, DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

12. Defendants DOES 6-8 are supervisory officers for the SJPD who were acting under color of law within the course and scope of their duties as officers for the SJPD. DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

13. Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the SJPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SJPD. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

14. On information and belief, DOES 1-10 were residents of the City of San Jose.

15. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of the SJPD and Defendants DOES 6-10.

16. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

17. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiff may seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained and new information comes to light. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

18. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

19. All of the acts complained of herein by the Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

20. DOES 1-10 are sued in their individual capacity.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

21. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

22. Upon information and belief, on August 22, 2019, at or about 2:40 a.m., on or near 150 East San Fernando Street in the city of San Jose, DOE OFFICERS initiated a traffic stop on DECEDENT, Fernando Arturo Alvarez, IV.

23. Upon information and belief, DECEDENT fled on his skateboard and DOE OFFICERS pursued him. As DECEDENT skated away, DOE OFFICERS, under color of law and in the

course and scope of their duties, drove their vehicle onto and over DECEDENT, thereby using excessive force against him and eventually killing him.

24. At all relevant times, DECEDENT was unarmed and did not pose an immediate threat of death or serious bodily injury to himself or to anyone else, including DOE OFFICERS.

25. Upon information and belief, after being ran over, DECEDENT was immobile and in obvious and critical need of emergency medical care and treatment.

26. Upon information and belief, Defendants did not timely summon medical care or permit personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

27. Plaintiffs (excluding DECEDENT) were dependent on DECEDENT, to some extent, for the necessities of life.

28. Plaintiff BERNADETTE is one of DECEDENT's successor-in-interest as defined by California Code of Civil Procedure Section 377.11, but also is entitled to appointment as administrator of DECEDENT's estate as defined by California Probate Code Section 8460-8461. On August 16, 2021, BERNADETTE filed a petition for Letters of Administration (and Letters of Special Administration) with the Stanislaus County Probate Court.

29. BERNADETTE incurred funeral and burial expenses as a result of Defendants' misconduct.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Detention and Arrest (42 U.S.C. §1983)

### (By Plaintiff THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV, by and through its administrator of the estate against all Defendants)

30. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

31. DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

32. When DOE OFFICERS ran DECEDENT over with their vehicle, they violated

DECENDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. As a direct and proximate result of DOE OFFICERS misconduct DECEDENT suffered extreme physical pain and suffering, and emotional distress up to the time of his death. Additionally, he suffered the loss of life, earning capacity, loss of enjoyment of life, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of DECEDENT's love, affection, society and companionship.

34. The claim against Defendant CITY and DOE OFFICERS is based upon Plaintiff's allegation that SJPD policies, practices or customs were a cause of the injuries suffered by DECEDENT and Plaintiff herein, and as set forth above.

35. Plaintiff is informed and believes and thereon alleges that the conduct of DOE OFFICERS were willful, wanton, malicious, an done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS in an amount to be determined at time of trial.

36. Plaintiff brings this claim as a Special Administrator of the DECEDENT's ESTATE. Plaintiff also seeks attorneys' fees under this claim.

37. Plaintiff also prays for relief as hereunder appears.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment – Excessive Force (42 U.S.C. §1983)**

**(By Plaintiff THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV, by and through its administrator of the estate against all Defendants)**

38. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

39. Defendants DOE OFFICERS used excessive force against DECENDENT when they ran him over and ultimately killed him (hereinafter as "excessive and deadly force"). Defendants DOE OFFICERS' unjustified excessive and deadly force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT

under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40. The running him over with their vehicle was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the incident. Further, Defendants DOE OFFICERS' use of deadly force violated their training and standard police officer training.

41. As a direct and proximate result of DOE OFFICERS misconduct DECEDENT suffered extreme physical pain and suffering, and emotional distress up to the time of his death. Additionally, he suffered the loss of life, earning capacity, loss of enjoyment of life, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of DECEDENT's love, affection, society and companionship.

42. The claim against Defendant CITY and DOE OFFICERS is based upon Plaintiff's allegation that SJPD policies, practices or customs were a cause of the injuries suffered by DECEDENT and Plaintiff herein, and as set forth above.

43. Plaintiff is informed and believes and thereon alleges that the conduct of DOE OFFICERS were willful, wanton, malicious, an done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS in an amount to be determined at time of trial.

44. Plaintiff brings this claim as a Special Administrator of the DECEDENT's ESTATE. Plaintiff also seeks attorneys' fees under this claim.

45. Plaintiff also prays for relief as hereunder appears.

## THIRD CLAIM FOR RELIEF

**Fourth Amendment – Denial of Medical Care (42 U.S.C. §1983)**

**(By Plaintiff THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV, by and through its administrator of the estate against DOE OFFICERS against all Defendants)**

46. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

47. Defendants knew that failure to provide timely medical treatment to DECEDENT could

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

result in further significant injury, great bodily harm, death, or the unnecessary and wonton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

48. Upon information and belief, in particular, Defendants took actions which caused DECEDENT to go into a state of unconsciousness and then delayed resuscitation attempts, withholding vital information from hospital personnel regarding the full extent of DECEDENT's injuries, which made it difficult for medical personnel to provide the timely medical treatment DECEDENT required to survive his injuries.

49. The denial of medical care by Defendants DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50. As a result of the foregoing, Defendants are liable for DECEDENT's injuries, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations.

51. The claim against Defendant CITY and DOE OFFICERS is based upon Plaintiff's allegation that SJPD policies, practices or customs were a cause of the injuries suffered by DECEDENT and Plaintiff herein, and as set forth above.

52. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, but not limited to, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of DECEDENT's love, affection, society and companionship.

53. Plaintiff is informed and believes and thereon alleges that the conduct of DOE OFFICERS were willful, wanton, malicious, an done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS in an amount to be determined at time of trial.

54. Plaintiff brings this claim as a Special Administrator of the DECEDENT's ESTATE.

Plaintiff also seeks attorneys' fees under this claim.

55. Plaintiff also prays for relief as hereunder appears.

### FOURTH CLAIM FOR RELIEF

**Substantive Due Process – Deprivation of Life Without Due Process (42 U.S.C. §1983)**

**(By Plaintiff THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV, by and through its administrator of the estate against all Defendants)**

56. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

57. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference in Plaintiff's familial relationship with his parents and siblings.

58. Furthermore, Defendant DOE OFFICERS deprivation of DECEDENT without due process of law caused him extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, siblings, and friends.

59. Moreover, Defendant DOE OFFICERS' actions deprived Plaintiff of the life-long love, companionship, support, society, care, and sustenance of his father and mother, and will continue to be so deprived for the remainder of their lives.

60. As a result of their conduct, Defendants are liable for DECEDENT's injuries, either because they were integral participants in the deprivation of life without due process, or because they failed to intervene to prevent these violations.

61. The claim against Defendant CITY and DOE OFFICERS is based upon Plaintiff's allegation that SJPD policies, practices or customs were a cause of the injuries suffered by DECEDENT and Plaintiff herein, and as set forth above.

62. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, but not limited to, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, funeral and burial expenses, attorneys fees, costs of suit, other pecuniary losses not yet ascertained and the loss of

DECEDENT's love, affection, society and companionship.

63. Plaintiff is informed and believes and thereon alleges that the conduct of DOE OFFICERS were willful, wanton, malicious, an done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS in an amount to be determined at time of trial.

64. Plaintiff brings this claim as a Special Administrator of the DECEDENT's ESTATE. Plaintiff also seeks attorneys' fees under this claim.

65. Plaintiff also prays for relief as hereunder appears.

## FIFTH CLAIM FOR RELIEF

### First and Fourteenth Amendment – Interference with Familial Relationship (42 U.S.C. §1983)

**(By Plaintiffs in their individual capacities against all Defendants)**

66. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

67. DOE OFFICERS, acting or purporting to act in the performance of their official duties as law enforcement officers, utilized unreasonable and excessive force in seizing and killing DECEDENT in violation of his Fourth and Fourteenth Amendment rights protected by the United States Constitution.

68. Defendants' interference with the intimate human familial relationships (parent-child, brother-sister, brother-brother) caused DECEDENT extreme pain and suffering, loss of life and earning capacity. Defendants' actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their parent-child, brother-sister, brother-brother, and they will continue to be so deprived for the remainder of their lives.

69. Plaintiffs shared intimate human relationships with their son and brother, respectively, that presupposed deep attachments and commitments to the necessarily few other individuals with whom they shared not only a special community of thoughts, experiences, and beliefs, but also distinctively personal aspects of their lives.

70. The claim against Defendant CITY and DOE OFFICERS is based upon Plaintiff's

allegation that SJPD policies, practices or customs were a cause of the injuries suffered by DECEDENT and Plaintiff herein, and as set forth above.

71. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, but not limited to, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, funeral and burial expenses, attorneys fees, costs of suit, other pecuniary losses not yet ascertained and the loss of DECEDENT's love, affection, society and companionship.

72. Plaintiff is informed and believes and thereon alleges that the conduct of DOE OFFICERS were willful, wanton, malicious, an done with reckless disregard for the rights and safety of DECEDENT. Furthermore, DOE OFFICERS' actions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs First and Fourteenth Amendment rights secured by the United States Constitution. Therefore, their actions warrant the imposition of exemplary and punitive damages as to DOE OFFICERS in an amount to be determined at time of trial.

73. Plaintiffs bring this claim in their individual capacities and see damages under federal law for the violation of their rights as parents and siblings of the DECEDENT. Plaintiffs seek attorneys' fees under this claim.

74. Plaintiffs also pray for relief as hereunder appears.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. §1983)**

**(By Plaintiffs in their individual capacities against CITY and DOES 6-10)**

75. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

76. Defendants DOE OFFICERS acted under color of law;

77. The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

78. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

79. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

80. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

81. On information and belief, CITY failed to train DOE OFFICERS properly and adequately.

82. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

83. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

84. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

85. Plaintiffs also pray for relief as hereunder appears.

### SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. §1983)**

**(By Plaintiffs in their individual capacities against CITY and DOES 6-10)**

86. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

87. Defendants DOE OFFICERS acted under color of law;

88. The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

89. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified

Defendants DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOE OFFICERS' acts.

90. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE OFFICERS were "within policy."

91. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

92. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

93. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

94. Plaintiffs also pray for relief as hereunder appears.

### EIGHTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. §1983)**

**(By Plaintiffs in their individual capacities against CITY and DOES 6-10)**

95. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this Compliant with the same force and effect as if fully set forth herein.

96. Defendants DOE OFFICERS acted under color of law;

97. Defendants DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

98. On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

99. Defendants CITY and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as police officers individuals such as Defendants DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants DOE OFFICERS;

(f) Failing to adequately discipline CITY police officers, including Defendants DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(h) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police killings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in killings of unarmed people.

100. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

101.     Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

102.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

103.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

104.     Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

105.     Plaintiffs also pray for relief as hereunder appears.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request entry of judgment in their favor against Defendants as follows:

1. For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal law;
2. For funeral and burial expenses, and loss of financial support;
3. For Punitive damages against the individual defendants in an amount to be proven at trial;
4. For Statutory damages;
5. For interest;

6. For reasonable attorneys' fees, including litigation expenses;

7. For costs of suit; and

8. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: August 17, 2021

                      Respectfully Submitted,

                      **SIAS LAW, INC.**

*/s/ Jason O. Sias*
By: _____
Jason O. Sias
Counsel for Plaintiffs,
THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV.,
BERNADETTE VALLEZ, individually, and as guardian ad litem for X.S.A., B.T. and I.P.T.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: August 17, 2021

                        Respectfully Submitted,

                        **SIAS LAW, INC.**

                        */s/ Jason O. Sias*
By: _____
                        Jason O. Sias
                        Counsel for Plaintiffs,
                        THE ESTATE OF FERNANDO ARTURO ALVAREZ, IV.,
                        BERNADETTE VALLEZ, individually, and as guardian ad litem for X.S.A., B.T. and I.P.T.